Christine Pham
Legal Helpers, P.C.
564 Market Street, Ste. 300
San Francisco, CA 94104
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: cph@legalhelpers.com
*Attorneys for Plaintiff*

E-filing

FILED
SEP 18 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Virginia Villanueva
127 Bromley Ct
Daly City, CA 94015

Plaintiff,

v.

Mann Bracken, LLP
c/o The Corporation Trust Incorporated,
Registered Agent
300 E Lombard St
Baltimore, MD 21202

Defendant.

Case No.:

CV 09 4416 SBA

Judge:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

Complaint - 1

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around February 17, 2009, Defendant telephoned Plaintiff's mother ("Mother").

8. During this communication, Mother notified Defendant that Plaintiff did not live with Mother and that Defendant could not reach Plaintiff at Mother's residence.

9. During this communication, Mother requested that Defendant stop calling Mother.

10. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Mother.

11. Despite this notice, Defendant telephoned Mother at least one more time thereafter.

12. During at least one of these communications, Defendant again disclosed the existence, nature, and/or amount of the debt to Mother.

13. During at least one of these communications, Mother again notified Defendant that Plaintiff did not live with Mother and that Defendant could not reach Plaintiff at Mother's residence.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FIVE

**Violation of the Rosenthal Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. In communicating with members of Plaintiff's family for purposes other than obtaining location information, Defendant violated California Civil Code §§ 1788.12(b).

## COUNT SIX

**Invasion of Privacy by Public Disclosure of a Private Fact**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

28. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

29. The information disclosed is not of legitimate concern to the public.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

32. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

33. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

34. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

d. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: *Christine Pham*
Christine Pham
564 Market Street, Ste. 300
San Francisco, CA 94104
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: cph@legalhelpers.com
*Attorneys for Plaintiff*